UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOCTOR'S ASSOCIATES INC.,

                      Plaintiff,

        - against -

LOUIS AGNELLO, COUSIN VINNY'S WAY
and MY WAY SUBS,

                      Defendants.
-------------------------------------------------------------X

Case No. 08 Civ. 5452 (WHP)

**COMPLAINT**

Plaintiff Doctor's Associates Inc., by its attorneys, Kaufman & Kahn, LLP, as and for its complaint against defendants Louis Agnello, Cousin Vinny's Way and My Way Subs, alleges the following:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Federal Trademark Act, 15 U.S.C. § 1051 et seq. to prevent defendants from illegally using, diluting and tarnishing DAI's trademarks, trade dress, service marks and trade names and to recover damages against defendants.

2. Defendants have not only continued to use the DAI's famous SUBWAY trademarks after termination of their franchise rights, but they are using the SUBWAY marks *in connection with a strip club business*. Clearly, this constitutes deliberate trademark infringement and tarnishment of a famous mark, and must be stopped immediately.

## THE PARTIES

3. At all times mentioned herein, plaintiff Doctor's Associates Inc. ("DAI") was and is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business located at 325 Bic Drive, Milford, Connecticut.

4.  Upon information and belief, at all times mentioned herein, defendant Louis Agnello ("Agnello") was and is a natural person and citizen of the State of New York, County of Bronx, and maintains a principal place of business at 2726 East Tremont Avenue, Bronx, New York.

5.  Upon information and belief, at all times mentioned herein, defendant Cousin Vinny's Way was and is an unincorporated business owned and operated by Louis Agnello, with its principal place of business at 2726 East Tremont Avenue, Bronx, New York.

6.  Upon information and belief, at all times mentioned herein, defendant My Way Subs was and is an unincorporated business owned and operated by Louis Agnello, with its principal place of business at 2726 East Tremont Avenue, Bronx, New York.

## JURISDICTION AND VENUE

7.  This case arises under an Act of Congress relating to trademarks, 15 U.S.C. § 1051 et seq. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. § 1338. Under principles of supplemental jurisdiction, the Court also has jurisdiction of all claims against defendants arising solely under state law.

8.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to DAI's claims occurred in this judicial district. Specifically, defendants have and continue to improperly use, dilute and tarnish DAI's registered trademarks in connection with their unauthorized operation of a sandwich restaurant and strip club in the State of New York, County of Bronx.

**FACTUAL BACKGROUND**

**A.     THE SUBWAY MARKS**

9.      DAI is a franchisor of a proprietary system for establishing and operating restaurants featuring sandwiches and salads under the SUBWAY trademark.  The "SUBWAY System" is one of the largest quick service restaurant franchise systems in the United States, and is widely known as one of the leading restaurant franchise systems in the United States and throughout the world.

10.     Many of DAI's trademarks, service marks and logos are on the principal register of the United States Patent and Trademark Office (together, the "SUBWAY Marks").

11.     DAI has the exclusive right to use and to license the SUBWAY Marks and derivations thereof, as well as the distinctive SUBWAY System, which provides a system for operating restaurants featuring sandwiches and salads under the SUBWAY name.  DAI and its predecessors have continuously used each of the SUBWAY Marks since the date of their registration.

12.     The SUBWAY Marks' registrations are in full force and effect, unrevoked, and uncancelled, and most are incontestable pursuant to 15 U.S.C. § 1065.

13.     DAI has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111.

14.     DAI uses or has used SUBWAY as its trade name.

15.     Some of DAI's trademarks, service marks and logos are not registered, but are widely promoted and used in connection with DAI's restaurant services.  For example, the trademark $5.00 FOOTLONG has been the subject of an extensive advertising campaign starting in March 2008 through the present.  As the result of such advertising, these marks have acquired

secondary meaning sufficient to be identifiable as a trademark of SUBWAY products and services.

16. Through its franchise system, DAI markets, promotes and provides services to its restaurant franchisees throughout the United States. In order to identify the origin of the sandwiches and salads sold by its franchisees, DAI allows its franchisees to utilize the SUBWAY Marks and unregistered marks, such as $5 FOOTLONG.

17. The SUBWAY System also includes distinctive signs and menus for selling sandwiches and beverages, cups, napkins and straws ("SUBWAY Materials").

18. DAI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and trademarks to cause consumers throughout the United States to recognize the SUBWAY Marks as distinctly designating SUBWAY sandwiches and salads.

19. The value of the goodwill developed in the SUBWAY Marks does not provide for a precise monetary calculation, but because DAI is one of the largest restaurant franchise systems in the United States and worldwide and is widely known as a provider of quality sandwiches and salads, the value of the SUBWAY Marks' goodwill is in excess of one billion dollars.

20. The SUBWAY Marks that feature the word SUBWAY are indisputably famous trademarks in the United States.

## **THE DEFENDANTS' UNLAWFUL CONDUCT**

21. Subway Real Estate Corp. ("SREC"), an affiliate of DAI, leases restaurant locations with a view towards subletting the leased premises to franchisees of DAI.

22. On or about November 8, 2007, DAI, as franchisor, entered into a franchise agreement with Agnello, as franchisee, for Agnello to operate a SUBWAY restaurant ("Franchise Agreement") located at 2708 East Tremont Avenue, Bronx, New York (the "Premises"). Pursuant to the Franchise Agreement, Agnello was granted the right and undertook the obligation to operate a SUBWAY sandwich restaurant at the Premises and to use the SUBWAY Marks.

23. Simultaneous with executing the Franchise Agreement, DAI arranged for the assignment to Agnello of a sublease agreement between SREC, as sublandlord, and a previous DAI franchisee, as subtenant, for the Premises ("Sublease").

24. The Sublease requires that the Premises be used solely for the operation of a SUBWAY restaurant under the terms of the Franchise Agreement.

25. By letter dated March 10, 2008, pursuant to the Franchise Agreement, DAI terminated the Franchise Agreement due to Agnello's failure to cure noticed defaults.

26. On or about April 18, 2008, DAI filed a Demand for Arbitration with the American Dispute Resolution Center ("ADRC") seeking an award of money damages against defendant for unpaid fees, for non-compliance with the Franchise Agreement, and for confirmation that the Franchise Agreement was terminated.

27. On or about May 7, 2008, while the arbitration concerning termination of Agnello's franchise was still pending, but after DAI terminated the Franchise Agreement, Agnello vacated the Premises and moved the SUBWAY Marks and the restaurant equipment a few blocks away to an unauthorized restaurant location at 2726 East Tremont Avenue, Bronx, New York (the "Unauthorized Location").

28. At the authorized Premises, now closed, defendants defaced the closed store's SUBWAY awning with writing stating, "COUSIN VINNY'S WAY, 2726 E. TREMONT, NOW OPEN", with arrows pointing down the block towards the Unauthorized Location.

29. On or about May 30, 2008, DAI learned that defendants were using the Unauthorized Location to operate a purported SUBWAY sandwich shop and nude strip club.

30. To make matters worse, defendants are using SUBWAY Marks, unregistered marks, signs and menus in the operation of their illicit and illegal business.

31. Specifically, defendants have a SUBWAY banner hanging outside the Unauthorized Location (which includes DAI's "$5 FOOTLONG" mark and a partially covered SUBWAY logo) and numerous SUBWAY signs and menus posted inside the restaurant.

32. In addition, defendants are using sandwich wrappers and bags, straw wrappers and cups that contain the SUBWAY Marks, including SUBWAY (Reg'n No. 3013320), the SUBWAY logo (contoured letters, outlined; Reg'n No. 2591069), SUBWAY EAT FRESH (Reg'n No. 2567334), SUBWAY EAT FRESH (contoured letters, outlined, shaded "WAY"; Reg'n No. 3293264), and SUBWAY FRESHFIT (Reg'n No. 3445885), in the operation of their business.

33. Upon information and belief, on or about May 30, 2008, defendants started distributing flyers proclaiming that after 10 p.m. this sandwich shop becomes the wildly, exotic and explicit, all nude private club, "Cousin Vinny's Little Secret".

34. The flyer states, among other things, "Cannot remember our phone number? Simply call information for the number to the Subway Restaurant on East Tremont Avenue in the Bronx!"

35. On or about May 30, 2008, an article entitled "Hottest Franchise Ever: Subway by Day, Strip Club by Night" appeared on the franchise-oriented website FranchisePick.com. The article describes defendants' business as "a bustling Subway sandwich franchise by day, but after the sun goes down this business is Cousin Vinny's Little Secret ... a place where today's value-oriented consumer can pay just $50 for six hours of hardcore lap dance action, unlimited fountain soda, and a foot long sandwich of your choice, all in a discrete and totally safe atmosphere to indulge in your carnal fantasies."

36. On or about May 31, 2008, an article entitled "Subway Terminates Franchise Owner for Lewd Marketing" appeared on Blue MauMau, another website catering to the business of franchising. The article describes Agnello as a "disgruntled Subway franchise owner" and defendants' business as a SUBWAY sandwich shop with lap dances.

37. On or about June 2, 2008, News 12 reported that the "business plan of Cousin Vinny, a former actor and stripper, has outraged the local residents, since My Way Subs deli is located in a busy, family-oriented shopping area."

38. On or about June 7, 2008, an article entitled "Nude Dining on Menu – Square Sandwich Shop Offers Strippers" appeared on the web site for Your Nabe ("Your Neighborhood, Your News"). Although the article indicates that defendant Agnello admits he was "disenfranchised" by DAI, "he still maintains Subway's official advertisements, slightly obstructed by personal stickers for originality."

39. On June 13, 2008, pursuant to judgment dated May 6, 2008, rendered in <u>Subway Real Estate Corp. v. Agnello</u> (NYC Civil, Bronx County; Index No. LL&T 900616/2008), Agnello was evicted from the Premises for non-payment of rent.

7

40. Defendants, without authorization, have continually used the SUBWAY Marks in connection with their unauthorized operation of the SUBWAY sandwich restaurant and strip club at the Unauthorized Location.

41. Defendants' unauthorized operation of a SUBWAY sandwich restaurant and use of the SUBWAY Marks at the Unauthorized Location is continuing and there is no indication that such activity will cease without court intervention.

## COUNT I:
## TRADEMARK INFRINGEMENT
## UNDER SECTION 32 OF THE LANHAM ACT, 15 USCA § 1114

42. DAI repeats and realleges the allegations set forth in paragraphs 1 through 41 as if set forth fully herein.

43. Defendants have marketed and promoted and continue to market and promote a sandwich restaurant (and strip club) through the unauthorized use of the SUBWAY Marks, and such use has caused and is likely to continue to cause confusion or mistake among prospective or actual customers.

44. Defendants have used, and are using, in commerce a reproduction, counterfeit, copy, or colorable imitation of the registered SUBWAY Marks at the Unauthorized Location in connection with the sale, offering for sale, distribution, or advertising of sandwich and strip club goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive.

45. Defendants have reproduced, counterfeited, copied, or colorably imitated the registered SUBWAY Marks and have applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or

advertising of goods or services, and such use is likely to cause confusion, or to cause mistake, or to deceive.

46. Defendants' acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

47. Additionally, DAI has incurred damages, and defendants have profited from, defendants' unauthorized use of the SUBWAY Marks.

48. Defendants' acts constitute infringement of DAI's registered trademarks, in violation of Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1114.

49. By reason of defendants' acts, DAI has suffered and will continue to suffer irreparable damage. Unless this Court restrains defendants from continuing these wrongful acts, the damage to DAI will increase. Thus, DAI is entitled to preliminary and permanent injunctive relief.

50. DAI has no adequate remedy at law to stop defendants' unlawful acts.

51. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

### COUNT II:
### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### UNDER SECTION 43(A) OF THE LANHAM ACT, 15 USCA § 1125(a)

52. DAI repeat and reallege allegations set forth in paragraphs 1 through 50 as if set forth fully herein.

53. Defendants' acts are likely to cause confusion, mistake or deception among purchasers and potential purchasers of products bearing the SUBWAY Marks and the $5 FOOTLONG marks as to the source or origin of the services rendered and goods sold by defendants, by reason of the fact that purchasers are likely to believe that DAI' goods and

9

services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by defendants.

54.     Defendants' acts of marketing and promoting their sandwich restaurant at the Unauthorized Location, through and with the SUBWAY Marks and the $5 FOOTLONG marks, constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, that has caused and is likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of Defendants' sandwich restaurant with DAI, and to cause confusion, or to cause mistake, or deception, to the effect that DAI sponsors or approves of the sandwich restaurant (and strip club) that Defendants are operating at the Unauthorized Location.

55.     Such confusion, mistake or deception has resulted from and continues to arise out of defendants' acts constituting false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1125(a).

**COUNT III:
DILUTION OF FAMOUS TRADEMARK
UNDER SECTION 43(c) OF THE LANHAM ACT, 15 USCA § 1125(c)**

56.     DAI repeats and realleges allegations set forth in paragraphs 1 through 55 as if set forth fully herein.

57.     DAI is the owner of SUBWAY word mark and logos, famous marks that are distinctive, inherently or through acquired distinctiveness.

58.     Defendants have engaged in "dilution by blurring" because of the similarity between defendants' marks and the SUBWAY mark that impairs the distinctiveness of SUBWAY.

59. Upon information and belief, defendants intended to create an association with the famous SUBWAY mark.

60. The unsolicited, third party articles referenced above indicate actual association between the defendants' marks or trade name and the famous SUBWAY mark.

61. Additionally, defendants' conduct has resulted in "dilution by tarnishment" because of the association arising from the similarity between defendants' marks or trade name and the famous SUBWAY mark in a manner that harms the reputation of the famous SUBWAY mark.

62. Defendants' acts constitute trademark dilution in violation of Section 43(c) of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1125(c).

63. Based on the foregoing, DAI is entitled to an injunction against defendants, who have commenced use of SUBWAY in commerce in a way that is likely to cause dilution by blurring or dilution by tarnishment of the famous SUBWAY Marks.

## COUNT IV:
## COMMON AND STATUTORY LAW
## TRADE NAME, TRADEMARK AND SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

64. DAI repeats and realleges all allegations contained in paragraphs 1 through 63 as if set forth fully herein.

65. The SUBWAY Marks that feature the word SUBWAY are inherently distinctive or have acquired secondary meaning.

66. Defendants' use of the SUBWAY mark and SUBWAY Materials is likely to dilute DAI's use of the SUBWAY mark either as a result of "blurring" or "tarnishment."

67. Defendants have caused injury to DAI' business by engaging in trademark infringement, trade name infringement, and unfair competition under the common law of the State of New York and dilution in violation of New York General Business Law Section 360-L.

68. Upon information and belief, defendants' acts were undertaken willfully and knowing that they would cause confusion, mistake and deception.

69. DAI has incurred substantial damages, and defendants have profited from, defendants' unauthorized use of the SUBWAY Marks, $5 FOOTLONG mark, and SUBWAY Materials.

70. By reason of the foregoing, DAI is entitled to punitive damages.

## COUNT V:
## UNJUST ENRICHMENT

71. DAI repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. Defendants have benefited from their wrongful use of the SUBWAY Marks, unregistered marks such as the $5 FOOTLONG marks, and the SUBWAY Materials, and have not paid any Royalty Fees or other fees to DAI in return for this benefit.

73. Defendants' failure to compensate DAI constitutes unjust enrichment and has damaged DAI.

74. The measure of damages due DAI arising from defendants' wrongful use of the SUBWAY Marks, is, alternatively: (i) the amount that would have been due under the Franchise Agreement; or (ii) damages due under Count I, II or III for defendants' violations of the Lanham Act; plus, in either event, attorney's fees and costs of this action.

**WHEREFORE**, pursuant to 15 U.S.C. §§ 1114, and 1125(a) and 1125(c), DAI demands judgment against defendants as follows:

a. Temporarily, preliminarily and permanently restraining and enjoining defendants, their affiliates, subsidiaries, officers, agents, servants, employees and attorneys, and all those who act in concert or participation with them, from marketing or promoting their sandwich restaurant at the Unauthorized Location or elsewhere, through and with the SUBWAY Marks, the $5 FOOTLONG marks, or the SUBWAY Materials (such as signs, with the SUBWAY Marks partly covered);

b. Ordering that defendants account to DAI for any and all profits derived as a result of marketing or promoting their sandwich restaurant at the Unauthorized Location or elsewhere through and with the SUBWAY Marks, the $5 FOOTLONG marks, or the SUBWAY Materials;

c. Granting compensatory damages, treble damages or punitive damages, attorneys' fees, prejudgment interest, and costs of suit; and

d. Granting such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
June 16, 2008

        KAUFMAN & KAHN, LLP

        By: __/Mark S. Kaufman/_____
            Mark S. Kaufman (MK 2006)
        Attorneys for Plaintiff
        747 Third Avenue, 32nd Floor
        New York, NY  10017
        (212) 293-5556