UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOCTOR'S ASSOCIATES INC.,

                Plaintiff,

- against -

LOUIS AGNELLO, COUSIN VINNY'S WAY
and MY WAY SUBS,

                Defendants.
-------------------------------------------------------------X

Case No. 08 Civ. 5452
(WHP / FM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

RECEIVED
JUL - 7 2008
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

      Plaintiff DOCTOR'S ASSOCIATES INC. ("DAI") having moved this Court for an Order directing the Defendants Louis Agnello, Cousin Vinny's Way and My Way Subs ("defendants") to cease use of federally registered SUBWAY trademarks, unregistered trademarks, and materials used in connection with operating a SUBWAY franchise;

      The Court having held a telephone conference with the parties on June 19, 2008;

      The Court having granted, by Order to Show Cause dated June 19, 2008, a temporary restraining order, enjoining Defendants from engaging in the conduct set forth in the Order to Show Cause;

      The motion having duly come on to be heard on June 30, 2008;

      Defendants having failed to oppose or appear and therefore defaulted in response to DAI's motion; and

      Upon reading the Complaint dated June 16, 2008; the Declaration of John Musco, dated June 14, 2008; the Declaration of Dan Ribacoff, dated June 13, 2008; the

07/07/2008 11:13 2123555009 KRANTZ BERMAN LLP PAGE 03/07

Memorandum of Law dated June 16, 2008; the pleadings and proceedings heretofore filed and taken place herein; and after due deliberation having been had;

NOW, on motion of Kaufman & Kahn, LLP, attorneys for plaintiff, it is

ORDERED that plaintiff's motion for preliminary injunction is granted; and it is

ORDERED that defendants, their respective heirs, executors, assigns, successors, officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them, are preliminarily enjoined and restrained, during the pendency of this action, from:

(a) Using, in any manner, the federally registered SUBWAY Marks (a schedule of which is annexed and made a part hereof), or any other term, terms or materials likely to cause confusion as to the source of origin of the SUBWAY Marks (i) as defendants' trademark, service mark, trade name, or corporate identity; (ii) on or in connection with any goods or services sold, licensed, distributed or otherwise disseminated by or on behalf of defendants ("Infringing Goods"); or (iii) in connection with the advertising or promotion of defendants' goods or services;

(b) Using, in any manner, the $5 FOOTLONG trademark, or signs, menus and any other materials used in connection with operating a SUBWAY franchise ("SUBWAY Materials"), (i) as defendants' trademark, service mark, trade name, or corporate identity; (ii) on or in connection any Infringing Goods; or (iii) in connection with the advertising or promotion of defendants' goods or services;

2

(c) Using in any manner the SUBWAY Marks, the $5 FOOTLONG mark, or SUBWAY Materials in connection with defendants' goods or services in such a manner that it is likely to create the erroneous belief that said goods or services originate with, are authorized by, sponsored by, licensed by or are in some way associated with plaintiff;

(d) Otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that defendants' goods or services originate with, are sponsored by, authorized by, licensed by, or in any other way associated with Plaintiff, including but not limited to any use of the telephone number associated with the previous, authorized location for the SUBWAY store (prior to DAI's termination of Agnello's franchise); or

(e) Copying, reproducing, distributing, or preparing any works that in any way reference the SUBWAY Marks, the $5 FOOTLONG mark, or SUBWAY Materials; and it is

ORDERED, that defendants pay DAI for the attorneys' fees and costs of this motion, in the amount of $12,560.89, based upon the Declaration of Mark S. Kaufman dated July 1, 2008 (the "Kaufman Declaration"); and it is

ORDERED, that service of a copy of this Order, and the Kaufman Declaration, upon defendant Agnello, be deemed good and sufficient service upon all three defendants.

ENTER:

William H. Pauley III, U.S.D.J.

7/8/08

3